**McCRACKEN, STEMERMAN & HOLSBERRY, LLP**
KIMBERLY HANCOCK, SBN 205567
*khancock@msh.law*
SARAH GROSSMAN-SWENSON, SBN 259792
*sgs@msh.law*
KARA MADDALENA, SBN 300338
*kmaddalena@msh.law*
595 Market Street, Suite 800
San Francisco, CA 94105
Tel**:** (415) 597-7200
Fax**:** (415) 597-7201

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRUSTEES of the UNITED FOOD AND COMMERCIAL WORKERS NORTHERN CALIFORNIA EMPLOYERS JOINT PENSION TRUST FUND, et al.;<br><br>　　　Plaintiffs,<br><br>　　　　　v.<br><br>DAN MARTINELLI POULTRY COMPANY, INC., a California corporation; WAYNE MARTINELLI 2000 TRUST, as amended; WAYNE DANIEL MARTINELLI, individually and as Trustee of the WAYNE MARTINELLI 2000 TRUST, as amended; and DOES 1 through 20, inclusive<br><br>　　　Defendants. | Case No.<br><br>**COMPLAINT** |

# INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §§ 1001-1461 (1982)).

2. Defendant Dan Martinelli Poultry Company, Inc. ("D. Martinelli Poultry") was a California corporation formed under the laws of the State of California. D. Martinelli Poultry was dissolved with the California Secretary of State on June 8, 2018.

3. Defendant D. Martinelli Poultry was a participating employer in Plaintiff United Food and Commercial Workers Northern California Employers Joint Pension Trust Fund ("Trust Fund"), an ERISA pension fund.

4. At all relevant times, Defendant Wayne Daniel Martinelli, individually and in his capacity as the Trustee of the Wayne Martinelli 2000 Trust, as amended, owned a parcel of commercial real property and conducted a trade or business within the same controlled group as D. Martinelli Poultry, as defined by ERISA § 4001(b) (29 U.S.C. § 1301) and 26 C.F.R. § 1.414(c)(2).

5. All named defendants are jointly and severally liable for the withdrawal liability Plaintiffs seek to recover.

6. On or about May 12, 2017, Defendant D. Martinelli Poultry withdrew from participation in the Trust Fund.

7. This withdrawal triggered the Trust Fund to assess withdrawal liability of $53,182.00 against Defendant D. Martinelli Poultry and all of its controlled group members on March 14, 2018.

8. Defendant D. Martinelli Poultry has not made any withdrawal liability payments to date.

9. Plaintiffs therefore seek a money judgment against Defendants D. Martinelli Poultry and Wayne Daniel Martinelli, individually and in his capacity as Trustee of the Wayne Martinelli 2000 Trust, as amended, and each other member of Defendant D. Martinelli Poultry's controlled group for an award of the entire assessed withdrawal liability plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants to require them to provide information to enable Plaintiffs to ascertain other members of Defendant D. Martinelli Poultry's controlled group under ERISA § 40001(b)(1) (29 U.S.C. § 1301(b)).

## PARTIES

10. The Trust Fund is an employee benefit plan as defined by ERISA § 3(3) (29 U.S.C. § 1002(3)), an "employee benefit pension plan" as defined by ERISA § 3(2) (29 U.S.C. § 1002(2)); and a "multiemployer plan" as defined by ERISA §§ 3(37) and 4001(a)(3) (29 U.S.C. §§ 1002(37) and 1301(a)(3). The Trust Fund is jointly administered and is maintained pursuant to the Labor Management Relations Act § 302(c) (29 U.S.C. § 186(c)).

11. Plaintiffs Jack Landes, Trustee, Joseph Ambrosi, Trustee, Daniel Larson, Trustee, Patrick K. Loo, Trustee, Jacques S. Loveall, Trustee, John A. Nunes, Trustee, Dustin Tyssen, Trustee, Tara Locaso, Trustee, Kevin Sears, Trustee, Kirk Vogt, Trustee, and Frank Jorgensen, Trustee, are each members of the United Food and Commercial Workers Northern California Employers Joint Pension Trust Fund Board of Trustees (collectively the "Trustees"). Plaintiff Trustees are "fiduciaries" with respect to the Trust Fund as defined by ERISA § 3(21)(A) (29 U.S.C. § 1002(21)(A)), and they are collectively the plan sponsor within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10(A) (29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A)).

12. The Trust Fund and the Trustees are herein jointly referred to as "Plaintiffs."

13. Defendant D. Martinelli Poultry was a California corporation with its principal place of business located at 635 Marina Boulevard, San Leandro, California 94577 at all relevant time periods. Defendant D. Martinelli Poultry was an employer within the meaning of ERISA § 3(5) (29 U.S.C. § 1002(5)) and National Labor Relations Act ("NLRA") § 2(2) (29 U.S.C. § 152(2)) and engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12) (29 U.S.C. §§ 1002(11) and (12)).

14. Defendant Wayne Daniel Martinelli ("Wayne Martinelli") is an individual who, at all relevant times, engaged in a trade or business of leasing industrial commercial real property (the "Wayne Martinelli leasing business"). Defendant Wayne Martinelli is also the Trustee of the Wayne Martinelli 2000 Trust, as amended, which is attributed to him personally under the applicable regulations. Plaintiffs are informed and believe that, in or about May 12, 2017, when Defendant D. Martinelli Poultry withdrew from the Trust Fund, the Wayne Martinelli leasing business and D. Martinelli Poultry were under common control pursuant to ERISA § 4001(b)(1). Based on information

and belief, Plaintiffs allege that, at the time of the withdrawal, D. Martinelli Poultry and the Wayne Martinelli leasing business were both owned by the same five or fewer owners who, in the aggregate, had a controlling interest of at least 80% in each trade or business, and to the extent that each owner's interest was identical, also owned more than 50% of each trade or business and were therefore in effective control.  As a member of D. Martinelli Poultry's controlled group, the Wayne Martinelli leasing business is considered a trade or business under common control with Defendant D. Martinelli Poultry.

15. Defendant Wayne Martinelli 2000 Trust, as amended, is a California revocable trust that was established on September 6, 2000.  Upon information and belief, Wayne D. Martinelli is the sole Trustee of the Wayne Martinelli 2000 Trust, as amended.

16. Plaintiffs are informed and believe, and on that basis allege, that at the time of the withdrawal, the Wayne Martinelli leasing business was an unincorporated business owned solely by Wayne Martinelli, as an individual and in his capacity as the Trustee of the Wayne Martinelli 2000 Trust, as amended.

17. Defendants DOES 1-20, are entities and/or other persons that are within the same controlled group as Defendant D. Martinelli Poultry under ERISA § 4001(b)(1) (29 U.S.C. § 1301(b)(1)). Defendants failed to provide information regarding the identities of entities and persons within the same controlled group as Defendants as requested by Plaintiffs in accordance with ERISA § 4129(a) (29 U.S.C. § 1399(a)).  Thus, Plaintiffs presently do not know the identities of such entities or persons.  Plaintiffs are using fictitious names for the defendants because Plaintiffs are unable to ascertain their true identities at this time.  Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend this Complaint to add the true names of the fictitious defendants once their identities are discovered.

18. Defendants D. Martinelli Poultry, Wayne Martinelli, as an individual and in his capacity as the Trustee of the Wayne Martinelli 2000 Trust, as amended, the Wayne Martinelli 2000 Trust, as amended, and DOES 1-20 are herein collectively referred to as "Defendants."

19. Under ERISA § 4001(b)(1) (29 U.S.C. § 1301(b)(1)), all members of Defendant D. Martinelli Poultry's controlled group are treated as a single employer for all purposes under Title IV of ERISA.  As such, Defendants and all other currently unidentified members of the controlled group are

obligated to provide information to the Trust Fund pursuant to ERISA § 4129(a) (29 U.S.C. § 1399(a)), and are each jointly and severally liable for the withdrawal liability assessed to Defendant D. Martinelli Poultry by the Trust Fund.

## JURISDICTION

20. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA sections 4301(c) and 502(e)(1) and (f), 29 U.S.C. §§ 1451(c) & 1132(e)(1) & (f), as well as federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiffs seek to enforce the provisions of ERISA and the terms of the Trust Fund plan document, seek redress for Defendants' violation of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

## VENUE & INTRADISTRICT ASSIGNMENT

21. Venue is conferred upon this Court by ERISA §§ 4301(c) and 502(e)(1) (29 U.S.C. §§ 1451(d) and 1132(e)(2).  Where an action is brought under ERISA §§ 4301 and 502 (29 U.S.C. 1451 and 1132) in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.  The Trust Fund, on whose behalf the Trustees bring this action, is administered in this district and has its principal place of business in Concord, California.  Thus, jurisdiction and venue are properly grounded with this Court.

22. Because Plaintiffs' Trust Funds are administered in Concord, California, in Contra Costa County, venue in the San Francisco or Oakland Division is appropriate pursuant to Civil L.R. 3-2(c)-(d).

## FACTUAL ALLEGATIONS

23. This action arises under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. §§ 1001-1461 (1982)).

24. Defendant D. Martinelli Poultry was a participating employer in the Trust Fund pursuant to a collective bargaining agreement ("CBA") between D. Martinelli Poultry, on the one hand, and the

4

COMPLAINT                                                                                                       Case No.

United Food and Commercial Workers Union Local 5 ("Union"), on the other hand. The Union is a labor organization as defined in NLRA § 2(5) (29 U.S.C. § 152(5)) that represents employees in an industry affecting interstate commerce. Defendant D. Martinelli Poultry was obligated to and did make contributions to the Trust Fund on behalf of its employees that were covered under the CBA.

25. During the 2017 plan year, Defendant D. Martinelli Poultry made a complete withdrawal from participation in the Trust Fund pursuant to ERISA § 4203(b) (29 U.S.C. § 1383(b)).

26. By letter dated March 14, 2018, Plaintiffs notified the Defendants of the withdrawal liability assessed against them pursuant to ERISA §§ 4201 – 4203 (29 U.S.C. § 1381 et. seq.) and demanded payment. See Exhibit A. Specifically, the Trust Fund notified the Defendants that:

    a. As of December 31, 2016, the Trust Fund had an estimated total unfunded vested liability of $2,407,481,766 and therefore, under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and Deficit Reduction Act of 1984 ("DEFRA"), the Plan must assess the Defendants' withdrawal liability.

    b. The Defendants' allocated portion of those unfunded vested liabilities totaled $53,182, payable starting on May 14, 2018 in 99 monthly payments of $685 and a final payment of $542 due on September 14, 2026.

    c. Any request for review by the Defendants had to be made within ninety (90) days from receiving the notice of the withdrawal liability assessment.

    d. Any request for review or initiation of arbitration did not postpone the deadline for making payment according to the schedule set forth in the notice of the withdrawal liability assessment.

27. Defendants did not make payment starting May 14, 2018 as described by the notice of withdrawal liability assessment, nor did they make any payments at any time thereafter.

28. On June 8, 2018, Defendants wrote to Plaintiffs requesting a review of the basis for the Trust Fund's claim. The letter stated that Wayne Martinelli was the son of the former owners, Dan and Frances Martinelli, of D. Martinelli Poultry, and that Wayne Martinelli was the sole employee of D. Martinelli Poultry when it ceased operations on May 12, 2017. The letter stated indicated that Wayne

Martinelli "does not feel he is responsible for his parents' company; the company was a corporation since 1957; it has no assets and is out of business."  Exhibit B.

29. Dan Martinelli passed away in 2002, and Frances Martinelli passed away in 2015.

30. The 2008 California Secretary of State filing for D. Martinelli Poultry listed Frances Martinelli as holding all officers positions (CEO/CFO/Secretary) with Wayne Martinelli and Frances Martinelli listed as corporate directors.

31. Upon information and belief, Wayne Martinelli was the sole owner and operator of D. Martinelli Poultry from 2015 to 2018. The most recently completed 2018 California Secretary of State filing for D. Martinelli Poultry lists Wayne Martinelli as the sole officer and director, holding all corporate positions.

32. While in operation, D. Martinelli Poultry was located at 635 Marina Boulevard in San Leandro, California 94577.

33. Upon information and belief, Wayne Martinelli was the sole owner of the commercial real property located at 635 Marina Boulevard in San Leandro, California 94577 from April 23, 1996 to October 10, 2017.

34. Upon information and belief, Wayne Martinelli transferred the commercial real property to the Wayne Martinelli 2000 revocable trust wherein Wayne Martinelli was the sole Trustee.

35. Upon information and belief, Wayne Martinelli leased the commercial real property to Defendant D. Martinelli Poultry from at least 1996 to 2017.

36. Upon information and belief, Wayne Martinelli sold the commercial real property to a third party, Zelig LLC, on October 10, 2017, for approximately five million dollars ($5,000,000.00).

37. Defendants did not initiate arbitration pursuant to ERISA § 4219(a)(1) at any point after receiving the Trust Fund's letter dated March 14, 2018.

38. Instead, as described above, on June 8, 2018, Defendants wrote to Plaintiffs requesting a review of the basis for the Trust Fund's claim.

39. That same day, June 8, 2018, Wayne Martinelli filed a Certificate of Dissolution of D. Martinelli Poultry with the California Secretary of State.  This filing indicates that the dissolution was

1 | made by a vote of "ALL of the shareholders of the California corporation," and Wayne Martinelli was the only signor as the "sole director or a majority of the directors now in office" as of May 15, 2018.

40. Plaintiffs conducted a review of the basis for the Trust Fund's claim. On November 15, 2019, Plaintiffs wrote a letter responding to Defendants' request for review of the basis for the withdrawal liability assessment. The letter explained why the withdrawal liability was assessed. The letter noted that the timeframe for the employer to initiate arbitration had passed, and it explained the Trust Funds' belief that there is a solvent controlled group for D. Martinelli Poultry. Exhibit C.

41. The Plaintiffs' November 15, 2019 letter also included a demand for installment payments from D. Martinelli Poultry and all controlled group members for the months of May 2018 through December 2019, plus applicable interest. The letter explained that Defendants would be in default if they failed to cure the delinquent installment payments within sixty (60) days, pursuant to ERISA. Defendants failed to cure the delinquency following this letter.

42. On January 24, 2020, Plaintiffs notified Defendants D. Martinelli Poultry that it was in default and demanded payment of the entire withdrawal liability amount from Defendant D. Martinelli Poultry no later than March 1, 2020. Exhibit D. Defendant D. Martinelli Poultry failed to cure the delinquency following this letter.

43. As of the filing of this Complaint, Defendants have not cured their delinquent monthly payments due from May 14, 2018 through present, nor made any payments, and thus, they are in default. Under ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)), the entire unpaid withdrawal liability of $53,182 plus interest became immediately due and payable on March 1, 2020.

## FIRST CAUSE OF ACTION

### Against All Defendants for Violation of ERISA § 4219 (29 U.S.C. § 1381): Request for Payment of Entire Withdrawal Liability, Interest, Damages, Attorneys' Fees and Costs

44. Plaintiffs re-allege and incorporate by reference paragraphs 1-43 above.

45. On information and belief, Defendant Wayne Martinelli had a controlling interest of at least 80% of the voting stock in Defendant D. Martinelli Poultry as of the date of its withdrawal on May 12, 2017. Defendant Wayne Martinelli, as an individual and in his capacity as Trustee of the

Wayne Martinelli 2000 Trust, as amended, owned and leased commercial real property to Defendant D. Martinelli Poultry at the time of the withdrawal, as well.  Wayne Martinelli, as an individual and as Trustee of the Wayne Martinelli 2000 Trust, had sole control over the businesses; thus, Wayne Martinelli, the Wayne Martinelli 2000 Trust, and D. Martinelli Poultry are members of the same controlled group and are jointly and severally liable for the withdrawal liability under ERISA § 4001(b)(1) (29 U.S.C. § 1301(b)).

46. Plaintiffs assessed withdrawal liability of $53,182 against Defendant D. Martinelli Poultry and all members of its controlled group on March 14, 2018.  Defendant D. Martinelli Poultry failed to make any payments in response to the withdrawal liability assessment.  On November 15, 2019, Plaintiffs provided the requisite sixty (60) day notice to cure delinquent monthly installment payments pursuant to ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

47. To date, the delinquent monthly installment payments have not been received from Defendant, and the cure period has elapsed.  Thus, Defendants and each member within Defendant D. Martinelli's controlled group are in default under ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)).

48. In the event of default, Plaintiffs are entitled to accelerate the entire unpaid withdrawal liability under ERISA § 4219(c)(5) (29 U.S.C. § 1399(c)(5)).  Accordingly, Plaintiffs seek judgment against Defendants and each other member within Defendant D. Martinelli Poultry's controlled group for the entire amount of the unpaid withdrawal liability of $53,182, plus accrued interest at the PBGC interest rate, pursuant to 29 C.F.R. § 4219.32 (b); ERISA §§ 4219(c)(5)-(6) and 502(g)(2) (29 U.S.C. §§ 1399(c)(5)-(6) and 1132(g)(2)).

49. ERISA § 4301(b) (29 U.S.C. § 1451(b)) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515 (29 U.S.C. § 1145).  Thus, Defendants and each other member within Defendant D. Martinelli Poultry's controlled group are also liable for liquidated damages, costs, and reasonable attorneys' fees, pursuant to ERISA §§ 4301(b) and 502(g)(2) (29 U.S.C. §§ 1301(b) and 1132(g)(2)).

50. Plaintiffs, therefore, seek a money judgement against Defendants and each other member within Defendant D. Martinelli Poultry's controlled group equal to the sum of: (1) the entire

balance of the unpaid withdrawal liability, (2) interest thereon at the PBGC interest rate from May 15, 2018, (3) an amount equal to the greater of interest or liquidated damages of twenty percent (20%), (4) costs, and (5) reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

**Against All Defendants for Violation of ERISA § 4219(a) (29 U.S.C. § 1399(a)):**
**Failure to Provide Required Information under ERISA**

51. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 50 above.

52. In a letter dated March 14, 2018, the Trust Fund asked Defendants to furnish within 30 days certain information and documents the Fund reasonably determined to be necessary to enable it to identify all sources of recovery of the withdrawal liability. Defendants failed to provide the Trust with all necessary information requested by the Trust as required by ERISA § 4219(a) (29 U.S.C. § 1399(a)).

53. In a letter dated November 14, 2019, the Trust Fund made a second written request to Defendants to furnish within 30 days certain information and documents the Fund reasonably determined to be necessary to enable it to identify all sources of recovery of the withdrawal liability. Defendants again failed to provide the Trust with all necessary information requested by the Trust as required by ERISA § 4219(a) (29 U.S.C. § 1399(a)).

54. The failure of Defendants to make the monthly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA § 4219(c)(2) (29 U.S.C. § 1399(c)(2)) has caused the Trust Fund to sustain loss of investment income and incur administrative and legal expenses.

55. Due to Defendants' failure to provide all of the information requested by the Trust Fund, Plaintiffs are unable to ascertain all members of the controlled group of Defendant D. Martinelli Poultry. Defendants' failure to comply with the law has caused the Trust Fund to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

9
COMPLAINT                                                                                       Case No.

56. Thus, injunctive relief ordering Defendants to provide documentation of all trades or businesses which are within Defendants' controlled group as defined in ERISA § 4001(b)(1), 29 U.S.C. § 1301(b), is proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that Defendant D. Martinelli Poultry and all named Defendants, as well as all other members of Defendant D. Martinelli Poultry's controlled group, are jointly and severally liable to immediately pay to Plaintiffs the following sums:

   a. The entire balance of the unpaid withdrawal liability of $53,182.00;

   b. Interest thereon at the PBGC interest rate from May 15, 2018, pursuant to 29 C.F.R. § 4219.32 (b); ERISA §§ 4219(c)(5)-(6) and 502(g)(2) (29 U.S.C. §§1399(c)(5)-(6) and 1132(g)(2));

   c. Pursuant to ERISA §§ 4301(b) and 502(g)(2) (29 U.S.C. §§ 1451(b) and 1132(g)(2)), liquidated damages equal to the greater of:

      i. The accrued interest on the unpaid withdrawal liability at the time of judgement, or

      ii. An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

   d. Attorneys' fees, litigation expenses, and costs of suit incurred by Plaintiffs in connection with this action as permitted by ERISA §§ 4301(e) and 502(g) (29 U.S.C. §§ 1451(e) and 1132(g)).

2. For injunctive relief ordering Defendants to provide documentation of all trades or businesses which are within Defendants' controlled group as defined in ERISA § 4001(b)(1) (29 U.S.C. § 1301(b)).

3. Such other and further relief as this Court deems proper.

1  Dated: March 31, 2020					McCRACKEN, STEMERMAN & HOLSBERRRY, LLP

By:_____
Kara Maddalena
*Attorneys for Plaintiffs*